UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHEN D. DOHM,

    Plaintiff,

v.                                                                Case No. 4:22-cv-165-MW/MJF

MRS. CURRY, *et al.,*

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a Florida prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983, accompanied by a prisoner consent form. Docs. 1, 2.[1] The undersigned concludes that this case should be transferred to the United States District Court for the Middle District of Florida based on venue considerations.[2]

---

[1] Plaintiff captioned his complaint for this Court and used the Northern District form, but he mailed his complaint and prisoner consent form to the Leon County Circuit Court. *See* Doc. 1 at 14-15 in ECF (original mailing envelope). The clerk of the Leon County Circuit Court re-mailed the documents to the Tallahassee Division of this Court. *Id.* at 16-17 in ECF.

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background

Plaintiff Stephen Dohm is an inmate of the Florida Department of Corrections confined at Suwannee Correctional Institution in Live Oak, Florida. Doc. 1 at 1-2. Dohm is suing two prison officials at Suwannee CI: Mrs. Curry, the supervisor of the kitchen staff; and Sergeant Matthews. *Id*. at 1-3.

Dohm alleges that approximately three weeks ago, he became ill from food poisoning while confined at Suwannee CI. Doc. 1 at 5. Dohm alleges that Curry "did not make sure the food was serveable [sic], or the right amount of food & she did not make sure the trays or cup where [sic] clean." *Id*. Dohm states that he was "sick for weeks, & hard to keep it in or down." *Id*. As relief, Dohm seeks $4,500.00 for a medical copay and medication. *Id*. at 7.

## II. Discussion

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. A correctly filed case may be transferred to a more appropriate venue "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer an action is left to the "sound discretion of the district court . . . ." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

The undersigned concludes that it is in the interest of justice to transfer this case to the United States District Court for the Middle District of Florida. The events giving rise to Dohm's claim occurred at Suwannee CI, which is located in the Middle District. Plaintiff and the individual Defendants reside in the Middle District, as do, presumably, any witnesses. The following venue considerations pertinent to the private interests of the parties weigh in favor of transfer to the Middle District: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gulf Oil Corp.*

*v. Gilbert*, 330 U.S. 501, 508 (1947)). The following public factors also weigh in favor of transfer: the "local interest in having localized controversies decided at home" and "the unfairness of burdening citizens in an unrelated forum with jury duty." *Id*. This case has little or no relationship to the Northern District.[3]

### III.  CONCLUSION

For the convenience of the parties and the public, and in the interest of justice, the undersigned respectfully **RECOMMENDS** that:

1. This case be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

2. The clerk of court close this case file.

At Pensacola, Florida, this 25th day of April, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[3] Although Dohm indicates that this suit for damages is against Curry in her official capacity and Matthews in his individual capacity, Doc. 1 at 2-3, Dohm's official capacity claim is barred by Eleventh Amendment immunity. *See Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1303 (11th Cir. 2005) ("Although, by its terms, the Eleventh Amendment does not bar suits against a state in federal court by its own citizens, the Supreme Court has extended its protections to apply in such cases." (citing *Hans v. Louisiana*, 134 U.S. 1 (1890))).

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**