UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN D. DOHM,

        Plaintiff,

v.                                 Case No. 3:22-cv-597-BJD-JBT

MRS. CURRY and SERGEANT
MATHEWS,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Stephen D. Dohm, an inmate of the Florida penal system, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1; Compl.) in the United States District Court for the Northern District of Florida. Because Plaintiff complains about an incident that occurred at Suwannee Correctional Institution, the Northern District transferred the action here. See Order (Doc. 5). Plaintiff did not pay the filing fee or move to proceed as a pauper, but he provided a prisoner consent form with his complaint (Doc. 2).

Plaintiff names two Defendants in his complaint: Mrs. Curry, "head kitchen staff," and Sergeant Matthews. Compl. at 2-3. He alleges he "caught food poisoning," and he blames Mrs. Curry and the kitchen staff for not ensuring the cups and trays were clean or that the "food was serveable [sic], or

the right amount." Id. at 5. He contends he was sick for weeks and incurred expenses associated with going to sick call and obtaining medications. Id. at 5, 7. Plaintiff asserts no factual allegations against Sergeant Mathews. As relief, he seeks damages. Id. at 7.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal

theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. Plaintiff does not identify a constitutional amendment or federal law he alleges Defendants violated. See Compl. at 7. Rather, he says his general right to "safety while incar[cerated] was violated." Id.

First, because Plaintiff does not lodge any factual allegations against Defendant Mathews, this Defendant is subject to dismissal. Second, liberally construing Plaintiff's allegations against Mrs. Curry, he seeks to proceed under the Eighth Amendment. The Eighth Amendment's proscription against cruel and unusual punishments has been interpreted to extend to the conditions of a prisoner's confinement. Hamm v. DeKalb Cnty., 774 F.2d 1567, 1571 (11th Cir. 1985) ("[T]he Constitution . . . require[s] conditions of confinement . . . to

3

meet certain minimum standards."). Accordingly, prison officials must provide minimally adequate medical care and "reasonably adequate food, clothing, shelter, and sanitation." Id.

The fact that food may occasionally be contaminated or unpleasant does not amount to a constitutional deprivation. Id. at 1575. Rather, unsanitary conditions violate the Eighth Amendment only if they pose "an unreasonable risk of serious damage to [an inmate's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting in part Helling v. McKinney, 509 U.S. 25, 33 (1993)). "[T]he prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." Id. (quoting Helling, 509 U.S. at 36). In other words, if the risk of which an inmate complains does not "violate[] contemporary standards of decency," it cannot be said to be objectively "extreme" so as to offend Eighth Amendment principles. Id.

Plaintiff's allegations do not permit the reasonable inference he was exposed to an unreasonable risk to his future health or safety. While unfortunate that Plaintiff had food poisoning, such an occurrence is not so unconscionable that it "violates contemporary standards of decency." See id. See also George v. King, 837 F.2d 705, 707 (5th Cir. 1988) (affirming the district court's dismissal of a prisoner's complaint as frivolous where the

prisoner alleged "a single incident of mass food poisoning" from unsanitary food preparation). An occasional bout of food poisoning is a risk faced by all—those incarcerated and those who are not.

Moreover, Plaintiff does not allege Mrs. Curry knew she was serving unsanitary food or knew that inmates were becoming ill because of unsanitary conditions in the kitchen or in food preparation. To the extent Mrs. Curry was responsible for unsanitary food preparation on one occasion, such conduct would amount to negligence, which is not actionable as an Eighth Amendment violation. See Whitley v. Albers, 475 U.S. 312, 322 (1986) (emphasizing the distinction between ordinary negligence and wanton conduct).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of June 2022.

*[signature: Brian J. Davis]*

BRIAN J. DAVIS
United States District Judge

Jax-6
c: Stephen D. Dohm